SIMPSON HARPER AND H. D. WILLIAMS v. VIRGINIA LUMBER AND BOX COMPANY.

(Filed 9 October, 1929.)

Contracts B e—In order to recover upon a contract for the division of profits, profits or bad faith must be shown.

In an action to recover upon a contract for the division of profits from the sale of timber by the defendant, the defendant to sell "to the best of his ability," the burden is on the plaintiff to show that a profit had been made or that the defendant had acted in bad faith in the sale in order to recover, and evidence as to profits made by other like manufacturers is immaterial.

APPEALS by both plaintiffs and defendant from *Grady, J.*, at March Term, 1929, of DUPLIN. No error in either appeal.

This is an action to recover the purchase price of certain timber conveyed to defendant by plaintiffs, by their deed dated 6 September, 1924. It was agreed that the said purchase price should be paid after said timber had been cut and manufactured into lumber by defendant, and after said lumber had been sold.

The said timber had been cut, and the lumber manufactured therefrom had been sold, prior to the commencement of this action. The action arose out of a controversy between the parties as to the terms of the contract in accordance with which the purchase price should be ascertained and paid. During the progress of the trial, plaintiffs consented that the jury might find that said terms were as alleged in the answer, and not as alleged in the complaint.

The issues submitted to the jury were answered as follows:

"1. Was the contract entered into between the plaintiffs and the defendant as follows:

Defendant was to advance to plaintiffs a basic price of three dollars per thousand feet, and then cut, remove and manufacture the timber on the Philips and Malpass tracts, and sell the same to the best of its ability, and in the event there was a profit from said operation over and above the expenses incident to the cutting, manufacture and marketing of said timber, and the basic price of three dollars per thousand feet, such net profits should be divided equally between the parties?

HARPER *v.* LUMBER COMPANY.

Answer : Yes, by consent.

2. If so, was there a breach of said contract on the part of the defendant, as alleged in the complaint?  Answer : Yes.

3. If so, what amount are the plaintiffs entitled to recover of the defendant for lumber not paid for, or profits received and not accounted for under said contract, if anything?  Answer : $800."

From judgment on the verdict, both plaintiffs and defendant appealed to the Supreme Court.

*Geo. R. Ward, R. D. Johnson and Stevens & Beasley for plaintiffs.*
*Langston, Allen & Taylor for defendant.*

PER CURIAM.  Under the contract between the parties, as found by the jury, plaintiffs are entitled to recover for the timber sold and conveyed by them to defendant, three dollars per thousand feet; and also, one-half the profit, if any, resulting from the manufacture of said timber, and its sale by defendant.  It was agreed that defendant should sell said lumber to the "best of its ability."  It is not contended by plaintiff that defendant failed to exercise good judgment in the sale of the lumber, or that it failed to get the best market price for the same.

There was conflict in the evidence tending to show the number of feet of timber cut and manufactured by defendant; it was admitted that defendant has paid to plaintiff on account of said timber the sum of four thousand dollars; under the instructions of the court, the jury has found that plaintiffs are entitled to recover the additional sum of $800 for stumpage.

There was no evidence tending to show that defendant made any profit by cutting and manufacturing the timber, or by the sale of the lumber. The evidence tended to show a loss on the operation because of the price at which the lumber was sold.  The burden was on plaintiff to show that the lumber was sold at a profit.  There was no error in the instruction that plaintiffs were not entitled to recover any sum as their share under the contract in profits.  It is immaterial that other sawmill operators made a profit on lumber manufactured and sold by them during the years 1924 and 1925.  In this action, in the absence of evidence tending to show bad faith on the part of defendant, it is liable only for profits made, and not for profits which it might have made.

Defendant cannot complain that after the evidence had been introduced, plaintiffs consented that the jury find that the contract between them and defendant was as alleged in the answer, and not as alleged in the complaint.  The evidence tending to sustain plaintiff's contention that under this contract it was entitled to recover in this action, was properly submitted to the jury.

We find no error in either appeal.  The judgment is affirmed.

No error.